UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:                         )        Case No: B-1081916 C-13D
**STEPHEN N. GREENBERG,**                 )
                                          )
              Debtor(s)                   )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325, moves for dismissal of the Debtor's case, and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on October 21, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On October 21, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtor proposes a monthly plan payment of $1,963.00 for a period of 60 months. The estimated return to general unsecured creditors is three percent (3%). The plan proposes to provide $15,240.00 to unsecured creditors due to the Debtor's disposable income under 11 U.S.C. §1325(b). In Schedule "F", the Debtor has listed non-contingent, liquidated unsecured debt of $490,950.12. The debt appears to primarily be related to the Debtor's business as a certified public accountant.

5. The Debtor has filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtor lists current monthly income ("CMI") in Form B22C of approximately $11,887.75. The applicable commitment period is 60 months.

6. The Debtor's plan provides that the mortgage claim of Wells Fargo shall be paid directly by the Debtor. Wells Fargo has filed a claim in the amount of $672,214.70 secured by the Debtor's residential real property at 100 Sundance Place, Chapel Hill, NC ("the real property"). Wells Fargo asserts monthly

1

payments of $2,160.74 and arrearage through December of 2010 in the amount of $28,663.68.

7. The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of his projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The Debtor has taken a deduction for $822.00 per month for health insurance on line #39 of Form B22C. The amount listed for health insurance in Schedule J is approximately $760.00 per month. Furthermore, the Debtor has taken a deduction for $471.00 for charitable contributions on line #45 of Form B22C. The Debtor's tax returns for 2009 reflect that the contributions were not in the form of cash or financial instruments; therefore, the deduction is improper and should be disallowed. With the before-mentioned adjustments to Form B22C, the Debtor would have disposable income of $700.78 per month.

8. The Trustee objects to confirmation of the plan and moves to dismiss the case as the Debtor is not eligible for Chapter 13 relief pursuant to 11 U.S.C. §109(e). The Debtor has non-contingent, liquidated unsecured debts of $490,950.00 according to Schedule "F". The listed unsecured debt greatly exceeds the debt limitations for unsecured claims imposed by 11 U.S.C. §109(e).

9. The Trustee objects to confirmation of the Debtor's plan in that the plan is not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Trustee specifically objects to the Debtor being the disbursing agent on the mortgage claim of Wells Fargo that is in default. Section 1326(c) creates a presumption in favor of the Trustee making payments to creditors and the Debtor has not provided a sound reason to overturn that presumption. In this District, it is a well-established practice that mortgage claims that are in arrears be paid through the Trustee's office.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §§1325(a)(1), 1325(a)(3) and 1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §§1307 and 109(e);

2. For such other and further relief as the Court may deem just or proper.

This the 22nd day of December, 2010.

                                                s/Benjamin E. Lovell
                                                Benjamin E. Lovell
                                                Attorney for the Trustee
                                                State Bar No: 23266
                                                P.O. Box 3613
                                                Durham, N.C. 27702

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Stephen N. Greenberg, 100 Sundance Place, Chapel Hill, NC 27514, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 22nd day of December, 2010.

s/Benjamin E. Lovell
Benjamin E. Lovell, Esq.
Attorney for the Standing Trustee